IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                Plaintiff,                ORDER

     v.                              11-cv-384-bbc

C.C.I./I.C.E. DEPT./HEALTH SERVICE UNIT,
JOANNE LANE, NURSE KIM CAMBELL,
CYNTHIA THORPE, NURSE NATHALIE,
DR. SULIENE, NURSE C. WELCH
and LILLIAN TENEBRUSO,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Michael Scott has filed a pro se complaint in which he alleges that various prison officials failed to give him appropriate medical care for a skin condition, in violation of the Eighth Amendment. The court has received an initial partial payment from plaintiff, in accordance with 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I must screen plaintiff's complaint to determine whether it states a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that his allegations do not support a claim for a violation of plaintiff's constitutional rights.

1

Plaintiff's complaint is 21 pages long, but his allegations can be summarized briefly. He alleges that he began suffering from a "skin break out" in early 2011, which he believed was caused by the prison's laundry detergent. On January 6, 2011, he asked Dr. Suliene to prescribe "medicated soap" and lotion. Instead, she prescribed an antiobiotic, minocycline, to be taken for three months. Plaintiff did not receive the prescription right away and his "breakouts started spreading to [his] legs." He put in a request for his medication and an "emergency follow up" appointment with defendant Suliene. He received the pills two weeks after his original appointment with Suliene, but he did not receive the "emergency follow up" appointment. In a letter to health services unit, he wrote that he would not take the pills "until you give me another screening on my rash." On January 31, 2011, plaintiff was seen by "Nurse Kim" and "Nurse Natalie." Plaintiff asked for an x-ray and tests for other infections, but Nurse Kim told him to take his prescribed pills first. Over the next few weeks, plaintiff complained to various other prison officials and members of the medical staff, but no one provided plaintiff the treatment he requested.

Drawing all reasonable inferences in plaintiff's favor, I cannot conclude that his allegations state a claim for a violation of the Eighth Amendment. Even if I assume that plaintiff's skin condition presented a serious medical need, prisoners do not have a constitutional right to the medical care of their choice. <u>Norfleet v. Webster</u>, 439 F.3d 392, 396 (7th Cir. 2006). Rather, an Eighth Amendment violation occurs only when the

2

defendant's medical judgment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" the prisoner's condition. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted).

In this case, plaintiff received treatment for his condition in the form of an antibiotic, but he refused to take it. That is not the fault of any of the defendants. Perhaps if plaintiff had taken the medication and it did not work, defendants would have had an obligation to try something different. However, plaintiff identifies no reason to believe that defendant Suliene failed to use medical judgment in determining the appropriate treatment.

Plaintiff also complains about the two-week delay between the time defendant Suliene prescribed the medication and when he received it. However, because plaintiff refused to take the medication, receiving it earlier would have made no difference. In any event, plaintiff includes no allegations in his complaint suggesting that the delay was caused by anything more than negligence of administrators, which is not enough to sustain a claim under the Eighth Amendment. Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 828-29 (7th Cir. 2009).

ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott's complaint is DISMISSED for his failure to state a claim

3

upon which relief may be granted.

    2. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

    3. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

    4. The clerk of court is directed to enter judgment in favor of defendants and close this case.

    Entered this 7th day of July, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge