IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

               Plaintiff,                         ORDER

      v.                                     11-cv-384-bbc

C.C.I./I.C.E. DEPT./HEALTH SERVICE UNIT,
JOANNE LANE, NURSE KIM CAMBELL,
CYNTHIA THORPE, NURSE NATHALIE,
DR. SULIENE, NURSE C. WELCH
and LILLIAN TENEBRUSO,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 7, 2011, I denied plaintiff Michael Scott leave to proceed on his claims that prison officials failed to give him appropriate medical care for a skin condition, because plaintiff's allegations showed that medical staff tried to provide treatment but plaintiff refused it. Now plaintiff has filed a notice of appeal. The notice is not accompanied by the $455 fee required for filing an appeal. Therefore, I construe plaintiff's notice of appeal to include a motion for leave to proceed on appeal in forma pauperis.

A district court has authority to deny a request for leave to proceed in forma pauperis

1

under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims on which I denied him leave to proceed. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed

2

previously.

## ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott's request for leave to proceed in forma pauperis on appeal, dkt. #13, is DENIED. I certify that his appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 26th day of September, 2011.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3